[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 1034
The defendant, Silvermine Farm, Inc., has moved (#120) to strike the claim of privilege made by the plaintiffs, Terry Coakley and Lynn Coakley, as guardians of their minor child, Lauren, who was bitten by a horse named Troubador while on the defendant's premises. The claim of privilege is based on General Statutes 52-192, as amended by Public Act 92-118, which provides that "actions brought by or against estates of minors" are entitled to a preference in the order of trial. Defendant argues that this phrase refers exclusively to decedent's estates which are being processed through the probate courts, and where there is a need for expeditious processing, but does not apply to a minor who has been injured, whose case does not warrant precedence over that of an adult who has been injured.
General Statutes 45a-629 covers the appointment of a guardian for the estate of a minor. Such appointment is necessary due to General Statutes 45a-631 which requires court approval before a minor's property exceeding $5,000 is received or used. These statutes indicate that the phrase "estate of a minor" refers to the minor's property if it exceeds $5,000. Therefore, it is clear that the reference in General Statutes 52-192 to "estates of minors" does not refer to a decedent's estate, but rather to actions involving a minor's property or assets if such property or assets exceed $5,000 including a recovery in a personal injury action. The statute is clear that such an action is entitled to a preference in the order of trial.
The defendant has suggested that there is no valid policy reason warranting a distinction between injuries to minors or adults, but the legislators in approving Public Act 92-118 may have considered the advisability of obtaining money for a minor in an expeditious fashion so that, for example, the benefits of surgery for such a minor could be weighed and implemented relatively swiftly. In any event, the wording of the statute is clear on its face, and requires the denial of defendant's motion to strike the claim of privilege.
So Ordered.
Dated at Stamford, Connecticut, this 1st day of February, 1994.
William B. Lewis, Judge CT Page 1035